**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| IN RE: ) | CASE NO: **17-40016-btr-13** |
| **Eric Mainoo** ) | |
| ) | Chapter 13 |
| SSN(s): **xxx-xx-2592** ) | |
| **2789 Sunlight Drive** ) | |
| **Little Elm, TX 75068** ) | |
| ) | |
| ) | |
| Debtor ) | |

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

*FIRST AMENDED 5/9/2017*
### CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **see below** per **month** to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the period of **60** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

☑ Variable Plan Payments

| Beginning Month | Ending Month | Amount of Monthly Payment | Total |
|---|---|---:|---:|
| 1 (02/01/2017) | 7 (08/01/2017) | $385.00 | $2,695.00 |
| 8 (09/01/2017) | 60 (01/01/2022) | $510.00 | $27,030.00 |
| | | Grand Total: | $29,725.00 |

Reason for Variable Plan Payments:

3. **Payment of Claims. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** Allowed claims shall be paid to the holders thereof in accordance with the terms thereof. From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified. Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

Case No:   17-40016-btr-13
Debtor(s):   **Eric Mainoo**

_____

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

   (B). **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing of the petition is ___**$4,000.00**___. The amount of ___**$0.00**___ was paid prior to the filing of the case. The balance of ___**$4,000.00**___ will be paid ☑ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments. The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   ☑ None. If none, skip to Plan paragraph 5(B).

   (i).   Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii).  The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   (iii). Anticipated Domestic Support Obligation Arrearage Claims

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   ☑ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage<br>claim | (c)<br>Projected monthly arrearage<br>payment / Months |
|---|---|---|
| | | |

   (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   ☑ None; or

   Claimant and proposed treatment:

| (a)<br>Claimant | (b)<br>Proposed Treatment |
|---|---|
| | |

   (B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| | |

Case No: 17-40016-btr-13
Debtor(s): **Eric Mainoo**

---

6. **Secured Claims.**

    (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

    (i). **Pre-confirmation adequate protection payments.** Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

    Debtor shall make the following adequate protection payments:

    ☐  directly to the creditor; or

    ☐  to the Trustee pending confirmation of the plan.

    | (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
    |---|---|---|
    |  |  |  |

    (ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

    (a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

    ☒  None; or

    | (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Estimated Claim | (e) Interest rate | (f) Monthly payment / Months |
    |---|---|---|---|---|
    |  |  |  |  |  |

    (b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

    ☒  None; or

    | (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment / Months |
    |---|---|---|---|---|
    |  |  |  |  |  |

TXEB Local Form 3015-a   [Revised January 18, 2006]                                                                                                                                   Page 3

Case No:   17-40016-btr-13
Debtor(s):   **Eric Mainoo**

___

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due.  These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise.  Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.  Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor; and (b) Property description | (c) Estimated pre-petition arrearage | (d) Interest rate | (e) Projected monthly arrearage payment / Months |
|---|---|---|---|
| **Two Sunset Pointe HOA** 2789 Sunlight Dr. Little Elm, TX 75068 | $600.00 | 0.00% | Pro-Rata Month(s) 1-57 |
| **Wells Fargo Bank, Na** 2789 Sunlight Dr. Little Elm, TX 75068 | $17,941.12 | 6.00% | Pro-Rata Month(s) 1-57 |

(C). **Surrender of Collateral.**   Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan.  Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c).  Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral.  Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
|  |  |

(D). **Void Lien:** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property.  Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated Claim |
|---|---|---|
|  |  |  |

7. **Unsecured Claims.**  Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is   **$199,313.57**   .  After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of   **$1,382.19**   .  Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are assumed, unless rejected herein.  Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors.  All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☑   None; or

Case No: 17-40016-btr-13
Debtor(s): **Eric Mainoo**

| (a) Creditor; and (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Payment to be paid through plan by Trustee / Months | (e) Projected arrearage monthly payment through plan (for informational purposes) / Months |
|---|---|---|---|
|  |  |  |  |

9. **Property of the Estate.** Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

10. **Post-petition claims.** The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee. Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

11. **General Provisions.** Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions. Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b). Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12. **Other Provisions:**

   (A). **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
|---|---|
|  |  |

   (B). **Other direct payments to creditors.**

| Name of Creditor | Remarks |
|---|---|
| **Collin County Tax Assessor** |  |
| **Denton County Tax Assessor** | 2016 Proprty Taxes |
| **Shellpoint Mortgage Se** |  |
| **Wells Fargo Bank, Na** |  |

   (C). **Additional provisions.**
   None.

Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above. The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.

Date: **May 9, 2017**

**/s/ Marcus Leinart**
Marcus Leinart, Debtor's Attorney

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

IN RE: **Eric Mainoo**         CASE NO. **17-40016-btr-13**

                              CHAPTER **13**

**Certificate of Service**

I hereby certify that on this date, I did serve a true and correct copy of the foregoing to the following interested parties and those listed on the attached matrix by United States Mail, First Class:

Date: **5/9/2017**              /s/ Marcus Leinart
                                **Marcus Leinart**
                                Attorney for the Debtor(s)

Carey D. Ebert
500 N. Central Expressway, Suite 350
Plano, TX 75074


Eric Mainoo
2789 Sunlight Drive
Little Elm, TX 75068


United States Trustee- Eastern District
110 N. College Ave, Ste 300
Tyler, TX 75702

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0540-4<br>Case 17-40016<br>Eastern District of Texas<br>Sherman<br>Tue May  9 10:57:04 CDT 2017 | American Express Bank, FSB<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 | American Express Centurion Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 |
| Amex<br>Correspondence<br>PO Box 981540<br>El Paso, TX 79998-1540 | Ashley Funding Services, LLC its successors<br>assigns as assignee of Syndicated<br>Office Systems, Inc.<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Atlanta Postal Credit Union<br>Attn: Gayle<br>3900 Crown Road<br>Atlanta, GA 30380-0001 |
| Attorney General of Texas<br>Collections Div/ Bankruptcy Section<br>PO Box 12548<br>Austin, TX 78711-2548 | Bank Of America<br>NC4-105-03-14<br>PO Box 26012<br>Greensboro, NC 27420-6012 | Baylor Scott& White Health<br>Baylor All Saints Medical Center<br>2001 Bryan Street Suite 200<br>Dallas, TX 75201-3049 |
| Buckley Madole, PC<br>14841 Dallas Parkway, Suite 425<br>Dallas, TX 75254-7883 | COLLIN COUNTY TAX ASSESSOR/COLLECTOR<br>C/O GAY MCCALL ISAACKS ET AL<br>777 E 15TH ST<br>PLANO TX 75074-5799 | Calvary Portfolio Services<br>500 Summit Lake Ste 400<br>Valhalla, NY 10595-2322 |
| Capital One<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 | Capital One, N.A.<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | Carey D. Ebert<br>500 N. Central Expressway, Suite 350<br>Plano, TX 75074-6791 |
| Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595-1340 | Central Financial Control<br>PO Box 66044<br>Anaheim, CA 92816-6044 | Chase Card<br>Attn: Correspondence<br>PO Box 15298<br>Wilmington, DE 19850-5298 |
| Chase Mtg<br>3415 Vision Dr<br>Columbus, OH 43219-6009 | Citi<br>Po Box 6241<br>Sioux Falls, SD 57117-6241 | Citi-citgo<br>Citicorp Cr Srvs/Centralized Bankruptcy<br>PO Box 790040<br>S Louis, MO 63179-0040 |
| Citibank/Exxon Mobile<br>Citicorp Cr Srvs/Centralized Bankruptcy<br>PO Box 790040<br>S Louis, MO 63179-0040 | Citibank/The Home Depot<br>Citicorp Cr Srvs/Centralized Bankruptcy<br>PO Box 790040<br>S Louis, MO 63179-0040 | Comenity Capital/venue<br>Comenity Bank<br>PO Box 182125<br>Columbus, OH 43218-2125 |
| (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION<br>PO BOX 13528<br>AUSTIN TX 78711-3528 | Credit First/CFNA<br>BK13 Credit Operations<br>PO Box 818011<br>Cleveland, OH 44181-8011 | Credit One Bank Na<br>PO Box 98873<br>Las Vegas, NV 89193-8873 |
| Denton County<br>c/o Lee Gordon<br>P O Box 1269<br>Round Rock, TX 78680-1269 | Denton County Tax Assessor<br>PO Box 90223<br>Denton, TX 76202-5223 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH  43054-3025 |

| | | |
|---|---|---|
| Discover Financial<br>PO Box 3025<br>New Albany, OH 43054-3025 | Dr. Green Services<br>3333 Earhart Dr. Ste. 200<br>Carrollton, TX 75006-5042 | Carey D. Ebert<br>P. O. Box 941166<br>Plano, TX 75094-1166 |
| Fed Loan Sevicing<br>PO Box 69184<br>Harrisburg, PA 17106-9184 | First Electronic Bank<br>2150 S 1300 E Suite 400<br>Salt Lake City, UT 84106-4336 | (p)FOCUS RECEIVABLES MANAGEMENT LLC<br>1130 NORTHCHASE PARKWAY STE 150<br>MARIETTA GA 30067-6429 |
| Frisco Heart & Vascular<br>5963 Dripping Springs Dr.<br>Frisco, TX 75034-4037 | (p)MICHAEL REED OR LEE GORDON<br>PO BOX 1269<br>ROUND ROCK TX 78680-1269 | Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Kohls/Capital One<br>Kohls Credit<br>PO Box 3043<br>Milwaukee, WI 53201-3043 | LVNV Funding, LLC its successors and assigns<br>assignee of Citibank, N.A.<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | LVNV Funding, LLC its successors and assigns<br>assignee of FNBM, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Marcus Leinart<br>Leinart Law Firm<br>11520 N. Central Expwy.  Suite 212<br>Dallas, TX 75243-6608 | Leinart Law Firm<br>11520 N. Central Expressway<br>Suite 212<br>Dallas, Texas 75243-6608 | Linebarger Goggan Blair et al<br>2323 Bryan St, Ste 1600<br>Dallas, TX 75201-2637 |
| Eric Mainoo<br>2789 Sunlight Drive<br>Little Elm, TX 75068-7615 | Midland Funding LLC<br>PO Box 2011<br>Warren, MI 48090-2011 | Navient<br>Attn: Bankruptcy<br>PO Box 9500<br>Wilkes-Barr, PA 18773-9500 |
| Navient Solutions, Inc. on behalf of<br>Florida Department of Education<br>Office of Student Financial Assistance<br>PO Box 7019<br>Tallahassee, FL 32314-7019 | Prosper Marketplace Inc<br>PO Box 396081<br>San Francisco, CA 94139-6081 | Prsm/cbsd<br>CitiCorp Credit Services/Centralized Ban<br>PO Box 790040<br>Saint Louis, MO 63179-0040 |
| Regional Fin<br>230 West Parker Road<br>Plano, TX 75075-2352 | Rgs Financial<br>1700 Jay Ell Dr  Ste 200 Ste<br>Richardson, TX 75081-6788 | Rise Credit<br>Customer Support<br>PO Box 101808<br>Fort Worth, TX 76185-1808 |
| SYNCB/BRMart<br>Attn: Bankruptcy<br>PO Box 965064<br>Orlando, FL 32896-5064 | Shellpoint Mortgage Se<br>75 Beattie Pl Ste 300<br>Greenville, SC 29601-2138 | (c)SMILE BRANDS FINANCE<br>100 SPECTRUM CENTER DR STE 1500<br>IRVINE CA  92618-4984 |
| Syncb/care Credit<br>C/o Po Box 965036<br>Orlando, FL 32896-0001 | Synchrony Bank/ JC Penneys<br>PO Box 965064<br>Orlando, FL 32896-5064 | Synchrony Bank/PayPal Cr<br>PO Box 965064<br>Orlando, FL 32896-5064 |

| | | |
|---|---|---|
| Synchrony Bank/Walmart<br>PO Box 965064<br>Orlando, FL 32896-5064 | LynAlise Katherine Tannery<br>Buckley Madole. P.C.<br>14841 Dallas Parkway, Suite 425<br>Dallas, TX 75254-7685 | Texas Alcoholic Beverage Commission<br>Licenses and Permit Division<br>PO Box 13127<br>Austin, TX 78711-3127 |
| Texas Workforce Commission<br>TEC Building- Bankruptcy<br>101 E 15th St<br>Austin, TX 78778-0001 | Two Sunset Pointe HOA<br>PO Box 60875<br>Phoenix, AZ 85082-0875 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 |
| U.S. Bank National Association Trustee (See<br>c/o Wells Fargo Bank, N.A.<br>Default Document Processing<br>MAC# N9286-01Y<br>1000 Blue Gentian Road<br>Eagan, MN 55121-7700 | US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 | United States Attorney General<br>Dept. of Justice<br>Main Justice Bldg<br>10 and Constitution, NW<br>Washington, DC 20530-0001 |
| United States Attorney's Office<br>110 North College Ave, Ste 700<br>Tyler, TX 75702-0204 | United States Trustee's Office<br>110 North College Ave, Ste 300<br>Tyler, TX 75702-7231 | United States Trustee- Eastern District<br>110 N. College Ave, Ste 300<br>Tyler, TX 75702-7231 |
| WELLS FARGO BANK, N.A.<br>14841 Dallas Parkway, Suite 300<br>Dallas, TX 75254-7883 | Wells Fargo Bank, Na<br>MAC F82535-02F<br>PO Box 10438<br>Des Moines, IA 50306-0438 | Wings Financial Fcu<br>14985 Glazier Ave Ste 100<br>Apple Valley, MN 55124-7490 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Comptroller of Public Accounts<br>Revenue Accounting/ Bankruptcy Div<br>PO Box 13528<br>Austin, TX 78711 | Focus Receivables Mana<br>1130 Northchase Parkway<br>Suite 150<br>Marietta, GA 30067 | Lee Gordon<br>McCreary Veselka Bragg & Allen, PC<br>PO Box 1269<br>Round Rock, TX 78665 |

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Smile Brands Finance
8105 Irvine Center Drive
Irvine, CA 92618

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Baylor Scott& White Health        (d)Carey D. Ebert                    End of Label Matrix
Baylor All Saints Medical Center     P. O. Box 941166                     Mailable recipients   74
2001 Bryan Street Suite 200          Plano, TX 75094-1166                 Bypassed recipients    2
Dallas, TX 75201-3049                                                     Total                 76
```